**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| Modulus Financial Engineering, Inc., an Arizona corporation; and Modulus Global, Inc., a Delaware corporation, | Case No. _24-cv-362_ |
| Plaintiffs, | **JURY DEMANDED** |
| v. | |
| NVIDIA Corporation, a Delaware corporation, | |
| Defendant. | |

Plaintiffs allege as follows:

## PRELIMINARY STATEMENT

1.      This is an action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and for related claims of unfair competition through acts of trademark infringement under Texas common law.

## PARTIES, JURISDICTION & VENUE

2.      Plaintiff Modulus Financial Engineering, Inc. ("Modulus Financial") is an Arizona corporation with its corporate headquarters located at 9375 E. Shea Blvd, Suite 100, Scottsdale, Arizona 85260. Modulus Financial, both directly and through its affiliate licensees, provides advanced technology products and services, including software

development components and frameworks, to a wide range of corporate, educational, governmental, and non-profit institutions throughout the United States and across more than 90 countries.

3.      Plaintiff Modulus Global, Inc. ("Modulus Global") is a Delaware corporation with its corporate headquarters located at 9375 E. Shea Blvd, Suite 100, Scottsdale, Arizona 85260. Modulus Global is an affiliate licensee of Modulus Financial.

4.      Modulus Financial and Modulus Global are referred to collectively herein as "Modulus."

5.      Defendant NVIDIA Corporation is a Delaware corporation maintaining multiple corporate offices.   Since 2000, NVIDIA has domesticated in Texas and maintains an office at 11001 Lakeline Blvd. Suite 100, Bldg. 2, Austin, Texas 78717. According to its website, "NVIDIA engineers the most advanced chips, systems, and software for the AI factories of the future."

6.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action arises under various laws of the United States, insofar as it arises from issues related to goods and/or services used in interstate or foreign commerce, and as it relates to Modulus's trademarks.

7.      Further, this Court has jurisdiction over the claims arising under Texas law pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367 because these claims are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy.

8.      This Court has personal jurisdiction over NVIDIA because NVIDIA has conducted substantial business activities within this District and has engaged in substantial and/or continuous and systematic contacts within the State of Texas.

9.      Further, NVIDIA has purposely directed its actions in Texas by committing tortious acts within the State, including but not limited to acts of trademark infringement and unfair competition against Modulus, and by recruiting Texas residents for employment inside or outside the State.

10.     NVIDIA currently employs individuals working and/or living in Austin, Texas, and is actively recruiting others to work in this District, including, more specifically, to work on artificial intelligence ("A.I.") technology.

11.     Additionally, NVIDIA has partnered with the University of Texas at Austin to provide "600 NVIDIA H100s GPUs" to the University's Center for Generative A.I.

12.     All of the foregoing was directed within this District, thereby purposefully availing NVIDIA of the privileges of conducting business within this District. As such, the exercise of jurisdiction is reasonable.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District and/or a substantial part of property that is the subject of the action is situated in this District.

## GENERAL ALLEGATIONS

14.     Modulus provides proprietary enterprise technology products and solutions used by millions worldwide.

15.     Modulus's value stems from some 27 years of experience in the software industry. Modulus has built valuable, long-term relationships with its clients through its proprietary software solutions, often customized to meet the exact requirements of clients.

16.     To provide and maintain the foregoing technology products and services, Modulus maintains a cadre of software developers, engineers, and data scientists, who are experts in deep learning A.I., high performance computing, simulation/modeling, predictive analytics, and related disciplines.

17.     Over the years, Modulus has built a reputation as a highly respected name in the technology industry and has become widely recognized for its leadership and innovation—including within the field of A.I.

18.     Modulus's CEO Richard Gardner serves as a member of the Board of Directors for the American Society for A.I. because of the innovative solutions Modulus has created, and decades of experience it has established, in the A.I. industry.

## THE MODULUS MARK

19.     Modulus has continuously used the mark **MODULUS** in commerce throughout the United States and internationally since at least as early as March 22, 2002, for software design and development services as well as various computer software solutions and tools, including for deep learning, A.I., high-performance computing, modeling, and simulations, and, since at least as early as August 8, 2009 for business monitoring and consulting services (the "**MODULUS** Mark").

20.     Modulus Financial is the owner of the valid and subsisting United States Trademark Registration No. 4,755,560 on the Principal Register of the United States Patent

and Trademark Office ("USPTO") for the **MODULUS** Mark in International Class 009 in connection with "[c]omputer software development tools; [c]omputer software for statistical analysis, database engines, finance, stock trading, stock market data, and artificial intelligence," and in International Class 042 in connection with "[s]oftware design and development." (the "'560 Registration").

21.     Attached as **Exhibit A** is a true and correct copy of the registration certificate for the '560 Registration, issued on June 16, 2015.

22.     Modulus Financial has used the **MODULUS** Mark in commerce, as identified in the '560 Registration, since at least as early as March 22, 2002.

23.     The USPTO acknowledged on September 17, 2020 that the '560 Registration for the **MODULUS** Mark is incontestable under Section 15 of the Lanham Act.

24.     Modulus Financial is also the owner of the valid and subsisting United States Trademark Registration No. 6,624,640 on the Principal Register of the USPTO for the **MODULUS** Mark in International Class 035 in connection with "[b]usiness monitoring and consulting services, namely, tracking web sites and applications of others to provide strategy, insight, marketing, sales, operation, product design, particularly specializing in the use of analytic and statistic models for the understanding and predicting of consumers, businesses, and market trends and actions." (the "'640 Registration").

25.     Attached as **Exhibit B** is a true and correct copy of the registration certificate for the '640 Registration, issued on January 25, 2022.

26.     Modulus Financial has used the **MODULUS** Mark in commerce, as identified in the '640 Registration, since at least as early as August 8, 2009.

27.     Modulus Financial is the owner of U.S. Application Serial No. 97/901,672 for the mark **MODULUS AI** in International Class 042 in connection with "[c]omputer software development in the field of artificial intelligence; [p]roviding on-line non-downloadable software using artificial intelligence for financial models, healthcare, marketing, sales and advertising, and credit scoring; [t]echnical consulting in the field of artificial intelligence (AI) software customization." (the "'672 Application").

28.     Modulus Financial filed the '672 Application on a use basis on April 21, 2023, with a stated date of first use in commerce of April 20, 2023.

29.     The USPTO published the '672 Application for opposition on January 30, 2024. The opposition period has ended, and registration will soon issue.

30.     Modulus Financial is the owner of U.S. Application Serial No. 97/901,677 for the mark **MODULUS AI** in:

> A.      International Class 042 in connection with "[a]pplication service provider featuring application programming interface (API) software; [d]esign and development of computer software; [r]esearch and development in the field of artificial intelligence; [p]oviding on-line non-downloadable software for developing, running, and analyzing algorithms that are able to learn to analyze, classify, and take actions in response to exposure to data; [p]roviding on-line non-downloadable software for machine-learning based language and speech processing; [p]roviding on-line non-downloadable software for the translation of text from one language to another; [p]roviding on-line non-downloadable software for sharing datasets for the purpose of machine learning, predictive analytics, and building language models; [p]roviding on-line non-downloadable software for simulation environments for the purpose of testing artificial intelligence agents, algorithms, and programs; [p]roviding on-line non-downloadable software for application development; [s]oftware as a service (SAAS) services featuring software for using language models; [s]oftware as a service (SAAS) services featuring software using artificial intelligence for natural language processing, generation, understanding, and analysis"; and

B.     International Class 009 in connection with "[d]ownloadable computer programs for machine learning; [d]ownloadable computer programs for image recognition and generation; [d]ownloadable computer programs for artificial intelligence, namely, computer programs for developing, running and analyzing algorithms that are able to learn to analyze, classify, and take actions in response to exposure to data; [d]ownloadable computer programs using artificial intelligence for natural language processing, generation, understanding, and analysis; [d]ownloadable computer programs using artificial intelligence for music generation; [d]ownloadable computer software for machine learning; [d]ownloadable computer software for image recognition and generation; [d]ownloadable computer software for artificial intelligence, namely, computer programs for developing, running and analyzing algorithms that are able to learn to analyze, classify, and take actions in response to exposure to data; [d]ownloadable computer software for simulation environments for the purpose of testing artificial intelligence agents, algorithms, and programs; [d]ownloadable computer software using artificial intelligence for natural language processing, generation, understanding, and analysis; [d]ownloadable computer software using artificial intelligence for music generation."

(the "'677 Application").

31.     Modulus Financial filed the '677 Application on an intent-to-use basis on April 21, 2023.

32.     The USPTO published the '677 Application for opposition on February 6, 2024. The opposition period has ended, and a notice of allowance was issued on April 2, 2024.

33.     Modulus Financial is the owner of U.S. Application Serial No. 97/849,465 for the mark **MODULUS** in International Class 035 in connection with "[c]onsulting in the field of sales methods, sales management, and sales improvement; [c]onsulting services in the field of search engine optimization for sales promotion; [d]evelopment of marketing strategies and concepts; [m]arketing services; [p]roducing promotional videotapes, video discs, and audio visual recordings; [p]roviding marketing consulting in the field of social

media; [p]ublic relations consultancy; [s]earch engine optimization for sales promotion (the "'465 Application").

34.     Modulus Financial filed the '465 Application on an intent-to-use basis on March 21, 2023.

35.     The USPTO published the '465 Application for opposition on January 23, 2024. The opposition period has ended, and a notice of allowance was issued on March 19, 2024.

36.     Modulus Financial was the first to create and adopt the **MODULUS** Mark, and the first to create and adopt the '560 Registration and the '640 Registration (collectively, the "Registered Marks"), and has continuously and exclusively used the Registered Marks in connection with the goods and/or services for which each is registered. Modulus directly markets its offerings under the **MODULUS** Mark and further licenses use of the **MODULUS** mark to affiliated entities.

37.     Modulus Global is an affiliate licensee of the **MODULUS** Mark. The **MODULUS** Mark is inherently distinctive and, as a result of Modulus's longstanding, widespread, continuous, and exclusive use of the **MODULUS** Mark to identify its goods and services, the **MODULUS** Mark has become a strong and unique source identifier for Modulus such that the public associates the **MODULUS** Mark, including the Registered Marks, with Modulus, as a common origin of the goods and services provided by Modulus.

38.     Modulus's **MODULUS** Mark is distinctive to both the consuming public and those within the software and A.I. industry.

8

39.     Therefore, Modulus owns valid and subsisting statutory and common law rights in the **MODULUS** Mark.

40.     Modulus has expended substantial time, money, and resources marketing, advertising, and promoting the goods and services sold under the **MODULUS** Mark.

41.     As a result of Modulus's expenditures and efforts, the **MODULUS** Mark has come to signify the high quality of the goods and services designated by the **MODULUS** Mark, and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Modulus. As such, there is considerable strength and notoriety in the **MODULUS** Mark.

42.     Modulus has scrupulously and successfully enforced and protected the **MODULUS** Mark against prior acts of infringement by third parties.

## NVIDIA'S UNLAWFUL CONDUCT

43.     NVIDIA is a technology company that designs and supplies various hardware and software solutions, including for A.I. and high-performance computing.

44.     NVIDIA is a supplier of A.I. hardware and software.

45.     Among other A.I. offerings, NVIDIA provides a software-based A.I. framework on which developers can build novel A.I. architectures for engineering systems and physics-based machine learning models/simulations.

46.     NVIDIA first offered this A.I. software under the mark SIMNET.

47.     Upon information and belief, NVIDIA continued using the SIMNET mark for this A.I. software through at least October 2021.

48.    Modulus recently learned that, in November 2021, NVIDIA had announced it would rebrand and begin offering this A.I. software under the mark **MODULUS**.

49.    NVIDIA's rebrand occurred nearly 20 years after Modulus first began using the **MODULUS** Mark in connection with computer software for A.I.

50.    Modulus received significant media attention for its A.I. software solutions under the mark well before NVIDIA adopted the identical mark for its A.I. software solutions.

51.    For example, NVIDIA's adoption of the **MODULUS** Mark in connection with its computer software for A.I. occurred years after a 2017 news segment featuring Modulus's use of A.I. software to analyze consumer sentiment from Twitter messages to predict market movements, and nearly a year after AIThority had published an article on Modulus's launch of an AI-Enhanced Blockchain in early 2021:





52.     Modulus's achievements and success in the computer software and A.I. industry have consistently been well-publicized over the years.

53.     NVIDIA advertises its offerings under the identical **MODULUS** Mark as "an open-source framework for building, training, and fine-tuning Physics-ML models" and a "toolkit for developing AI enabled physics-ML applications."

54.     NVIDIA describes its confusingly named Modulus platform as user-friendly, with an open-source design, among other features.

55.     NVIDIA's wrongful use of the **MODULUS** Mark also extends to advertisements and posts published through its various social media platforms, including but not limited to:

| Social Channel | Account | Web Address: |
|---|---|---|
| Facebook | NVIDIA Data Center | https://www.facebook.com/NVIDIADataCenter/ |
| X (formerly Twitter) | NVIDIA Data Center<br><br>NVIDIA HPC Developer | https://twitter.com/NVIDIADC<br><br>https://twitter.com/NVIDIAHPCDev |
| YouTube | NVIDIA Developer | https://www.youtube.com/@NVIDIADeveloper |

56.     NVIDIA's use of the **MODULUS** Mark online has recently caused NVIDIA to rank higher than Modulus in search engine results for the term "Modulus."

57.     NVIDIA and Modulus are competitors in the A.I. industry.

58.     Additionally, certain of Modulus's A.I. software solutions are complementary to NVIDIA's A.I. software solutions.

59.     Modulus also uses certain NVIDIA hardware in the course of providing its A.I. software solutions to customers.

60.     NVIDIA's use of the identical mark **MODULUS** in connection with AI software is identical and/or closely related to how Modulus is using its **MODULUS** Mark in connection with computer technology and A.I. software.

61.     NVIDIA's use of the identical mark **MODULUS** is without Modulus' authorization and is likely to cause confusion, mistake, or deception among consumers.

62.     Among other sources of confusion, NVIDIA's use of the identical mark **MODULUS** in connection with its open-source framework is likely to lead consumers to

believe, contrary to fact, that Modulus is marketing an open-source software solution rather than the proprietary software it has offered under its **MODULUS** Mark for years.

63.     Upon information and belief, NVIDIA committed the foregoing acts of infringement with full knowledge of Modulus's prior rights in the **MODULUS** Mark.

## <u>COUNT ONE</u>
**(Trademark Infringement – 15 U.S.C. § 1114)**
**U.S. Reg. Nos. 4,755,560 and 6,624,640**

64.     Modulus realleges all other allegations in this Complaint.

65.     Modulus Financial owns and maintains the '560 Registration for the **MODULUS** Mark in International Classes 009 and 042, which was filed on October 24, 2014 and issued on June 16, 2015.

66.     The '560 Registration became incontestable on September 17, 2020.

67.     Modulus Financial additionally owns and maintains the '640 Registration for the **MODULUS** Mark in International Class 035, which was filed on August 8, 2019, and issued on January 25, 2022.

68.     Modulus Financial's use of the **MODULUS** Mark began at least as early as 2002 and, therefore, predates any use by NVIDIA of the identical mark **MODULUS**.

69.     Upon information and belief, NVIDIA adopted and began using the identical mark **MODULUS** with knowledge of Modulus Financial's prior use and ownership of the **MODULUS** Mark.

70.     Modulus Financial and NVIDIA are competitors and have the same and/or similar target market to whom they offer their respective goods and services through the same or overlapping marketing and trade channels.

71.     NVIDIA's unauthorized use in commerce of the identical mark **MODULUS** is likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin, source, sponsorship, or affiliation of NVIDIA's offerings, and is likely to cause consumers to believe, contrary to fact, that NVIDIA's offerings are sold, authorized, endorsed, or sponsored by Modulus Financial, or that NVIDIA is in some way affiliated with or sponsored by Modulus Financial.

72.     Alternatively, NVIDIA's unauthorized use in commerce of the identical mark **MODULUS** is likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin, source, sponsorship, or affiliation of Modulus Financial's offerings, and is likely to cause consumers to believe, contrary to fact, that Modulus Financial's offerings are sold, authorized, endorsed, or sponsored by NVIDIA, or that Modulus Financial is in some way affiliated with or sponsored by NVIDIA.

73.     NVIDIA's conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

74.     Upon information and belief, NVIDIA willfully committed the foregoing acts of infringement, demonstrating that this is an exceptional case within the meaning of 15 U.S.C. § 1117.

75.     Modulus Financial has been damaged by NVIDIA's foregoing and continuing acts of infringement of its rights in the '560 Registration and the '640 Registration.

76.     Modulus Financial has suffered, and will continue to suffer, immediate and irreparable harm and injury, including but not limited to its goodwill and reputation, and, unless enjoined by this Court, such acts and injury will continue.

77.     Modulus Financial has no adequate remedy at law.

78.     Modulus Financial is entitled to, among other relief, injunctive relief and an award of actual damages, NVIDIA's profits, enhanced damages and profits, reasonable attorney fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 & 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
**(Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125(a))**

79.     Modulus realleges all other allegations in this Complaint.

80.     Modulus exclusively owns valuable rights in the Registered Marks and in the **MODULUS** name and has continuously used and maintained priority in the **MODULUS** Mark since at least as early as 2002, long before NVIDIA's wrongful conduct began.

81.     The **MODULUS** Mark is distinctive and acts as a valuable source identifier for Modulus's goods and services.

82.     NVIDIA's unauthorized use in commerce of the identical mark **MODULUS** is likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin, source, sponsorship, or affiliation of NVIDIA's offerings, and is likely to cause consumers

to believe, contrary to fact, that NVIDIA's offerings are sold, authorized, endorsed, or sponsored by Modulus, or that NVIDIA is in some way affiliated with or sponsored by Modulus.

83.     Alternatively, NVIDIA's unauthorized use in commerce of the identical mark **MODULUS** is likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin, source, sponsorship, or affiliation of Modulus's offerings, and is likely to cause consumers to believe, contrary to fact, that Modulus's offerings are sold, authorized, endorsed, or sponsored by NVIDIA, or that Modulus is in some way affiliated with or sponsored by NVIDIA.

84.     NVIDIA's conduct constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

85.     Upon information and belief, NVIDIA willfully committed the foregoing acts of unfair competition and false designation or origin, demonstrating that this is an exceptional case within the meaning of 15 U.S.C. § 1117.

86.     Modulus has suffered, and will continue to suffer, immediate and irreparable harm and injury, including but not limited to its goodwill and reputation, and unless enjoined by this Court, such acts and injury will continue.

87.     Modulus has no adequate remedy at law.

88.     Modulus is entitled to, among other relief, injunctive relief and an award of actual damages, NVIDIA's profits, enhanced damages and profits, reasonable attorney fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 & 1117, together with prejudgment and post-judgment interest.

**COUNT THREE**
**(Texas Common Law Unfair Competition Through Acts of Trademark
Infringement)**

89.     Modulus realleges all other allegations in this Complaint.

90.     Modulus Financial is the owner of the **MODULUS** Mark, which acts as a
valuable source identifier to the relevant-consuming public for Modulus's goods and
services.

91.     Modulus's use of the **MODULUS** Mark began at least as early as 2002, and
therefore, predates any use by NVIDIA of the identical mark **MODULUS**.

92.     NVIDIA's conduct of advertising, marketing, offering, and selling its goods
and/or services under the identical mark and name **MODULUS** violates Modulus's
common law trademark rights and constitutes unfair competition.

93.     NVIDIA's actions are likely to cause confusion, or mistake, or to deceive as
to NVIDIA's affiliation, connection, or association with Modulus, or as to the origin,
sponsorship, or approval of its commercial activities.

94.     Alternatively, NVIDIA's actions are likely to cause confusion, or mistake,
or to deceive as to Modulus's affiliation, connection, or association with NVIDIA, or as to
the origin, sponsorship, or approval of its commercial activities.

95.     Upon information and belief, NVIDIA committed these acts in conscious
disregard of Modulus's rights.

96.     Modulus has suffered, and will continue to suffer, immediate and irreparable
harm and injury, including but not limited to its goodwill and reputation, and unless

enjoined by this Court, such acts and injury will continue in violation of the common law of the State of Texas.

97.     Modulus has no adequate remedy at law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs Modulus Financial Engineering, Inc. and Modulus Global, Inc. request entry of judgment against Defendant NVIDIA Corporation as follows:

A.     Finding that NVIDIA's activities complained of herein are unlawful under federal and state law;

B.     For an award of actual damages to compensate Modulus for its losses, damage to its business reputation, and/or lost sales and profits caused by NVIDIA's unlawful conduct;

C.     For an award up to three times the amount of actual damages pursuant to 15 U.S.C. § 1117;

D.     For an award in an amount equal to NVIDIA's profits attributable to its unlawful conduct;

E.     For an award of punitive damages in an amount appropriate to punish NVIDIA for its intentional and/or reckless disregard of Modulus's rights, and to deter NVIDIA and others from engaging in such misconduct in the future;

F.     For an award of attorney fees and costs pursuant to 15 U.S.C. § 1117, and as otherwise provided by law;

G.     For an award of pre- and post-judgment interest on any ultimate award to the maximum amount permitted by law;

H.     For preliminary and permanent injunctive relief ordering NVIDIA and its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and any and all persons or entities in active concert with them, to:

i.     Immediately cease and desist from engaging in any further acts of trademark infringement, false designation of origin, and unfair competition including, without limitation, offering, marketing, advertising, promoting, or authorizing any third party to offer, market, advertise, or promote any goods or services bearing the mark **MODULUS** or any other mark that is a confusingly similar variation or colorable imitation of Modulus's **MODULUS** Mark;

ii.     Immediately cease and desist from making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) NVIDIA's offerings are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Modulus or (ii) Modulus's offerings are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with NVIDIA.

iii.     Refrain from registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark **MODULUS** or any other mark that infringes or is likely to be confused with Modulus's **MODULUS** Mark, or any goods or services of Modulus, or Modulus as their source;

iv.     Immediately cease and desist from assisting, aiding, or abetting any third person or entity in doing any act prohibited by the above-referenced subparagraphs.

I.      For such other and further relief as is proper and just.

## **JURY TRIAL DEMAND**

Plaintiffs hereby demand a trial by jury pursuant to Rule 38, Fed. R. Civ. P.


Dated: April 5, 2024

Respectfully submitted,

*/s/ Jered E. Matthysse*
Jered E. Matthysse
Texas Bar No. 24072226
**PIRKEY BARBER PLLC**
1801 E. 6th Street, Suite 300
Austin, Texas 78702
Telephone: (512) 332-5200
Email: jmatthysse@pirkeybarber.com

Maria Crimi Speth (AZBN 012574)
mcs@jaburgwilk.com
(*Pro Hac Vice* application forthcoming)
Aaron K. Haar (AZBN 030814)
akh@jaburgwilk.com
(*Pro Hac Vice* application forthcoming)
**JABURG & WILK, P.C.**
1850 N. Central Avenue, 12th Floor
Phoenix, AZ 85012
Telephone: (602) 248-1000

Robert H. Thornburg *(pro hac vice forthcoming)*
E-mail: RThornburg@AllenDyer.com
Giulia Farrior *(pro hac vice forthcoming)*
E-mail: GFarrior@AllenDyer.com
James R. Leahy *(pro hac vice forthcoming)*
E-mail: JLeahy@AllenDyer.com
**ALLEN DYER DOPPELT + GILCHRIST PA**
121 Alhambra Plaza, Suite 1250
Coral Gables, Florida 33134
Telephone: (305) 374-8303

*Attorneys for Plaintiffs*