**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

MODULUS FINANCIAL ENGINEERING, INC., et al.,

Plaintiffs,

v.

NVIDIA Corp.,

Defendant.

CIVIL ACTION NO: 1:24-cv-362-RP

# NVIDIA CORPORATION'S ANSWER TO COMPLAINT

Defendant NVIDIA Corporation ("NVIDIA") hereby files its Answer and Affirmative Defenses to the complaint of Plaintiffs Modulus Financial Engineering, Inc. and Modulus Global, Inc. Each of the paragraphs below corresponds to the same number paragraph in the Complaint.

## PRELIMINARY STATEMENT

1. NVIDIA admits that Plaintiffs allege the causes of action described in Paragraph 1 of the Complaint, but NVIDIA denies that it has committed or is committing any unlawful act alleged in the Complaint.

## PARTIES, JURISDICTION & VENUE

2. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis denies them.

3. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis denies them.

4. Paragraph 4 does not assert any factual allegations against NVIDIA, and therefore no response is required.

5. NVIDIA admits that it is a Delaware corporation with multiple offices and that it has an office at 11001 Lakeline Blvd. Suite 100, Bldg. 2, Austin, Texas 78717. NVIDIA further admits that Plaintiffs appear to quote from NVIDIA's website, which speaks for itself. To the extent Paragraph 5 of the Complaint contains legal conclusions, no response is required. To the extent a response is required, NVIDIA denies the remaining allegations in Paragraph 5 as applied to NVIDIA or this dispute.

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, NVIDIA admits this Court has subject matter jurisdiction but denies the other allegations in Paragraph 6 as applied to NVIDIA or this dispute.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, NVIDIA denies the allegations in Paragraph 7 as applied to NVIDIA or this dispute.

8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, NVIDIA denies the allegations in Paragraph 8 as applied to NVIDIA or this dispute.

9. NVIDIA denies the allegations in Paragraph 9 of the Complaint, and denies that it has committed or is committing any unlawful act alleged in the Complaint.

10. NVIDIA admits that it currently employs and has recruited individuals working in Austin, Texas.

11. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and on that basis denies them.

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, NVIDIA denies the allegations in Paragraph 12 as applied to NVIDIA or this dispute. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint, and on that basis denies them.

13. Paragraph 13 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint, and on that basis denies them. NVIDIA also denies that it has committed or is committing any unlawful act alleged in the Complaint.

## GENERAL ALLEGATIONS

14. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and on that basis denies them.

15. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis denies them.

16. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and on that basis denies them.

17. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis denies them.

18. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and on that basis denies them.

19. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and on that basis denies them.

20. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis denies them.

21. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on that basis denies them.

22. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and on that basis denies them.

23. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and on that basis denies them.

24. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and on that basis denies them.

25. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and on that basis denies them.

26. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on that basis denies them.

27. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and on that basis denies them.

28. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis denies them.

29. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and on that basis denies them.

30. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and on that basis denies them.

31. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and on that basis denies them.

32. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and on that basis denies them.

33. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and on that basis denies them.

34. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and on that basis denies them.

35. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and on that basis denies them.

36. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and on that basis denies them.

37. Paragraph 37 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, NVIDIA denies the allegations in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, NVIDIA denies the allegations in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, NVIDIA denies the allegations in Paragraph 39 of the Complaint.

40. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and on that basis denies them.

41. NVIDIA denies the allegations in Paragraph 41 of the Complaint.

42. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and on that basis denies them.

43. NVIDIA admits that it is a technology company that designs and supplies various computing solutions, but denies that the allegations in Paragraph 43 provide a complete description of NVIDIA's industry, products, and services. NVIDIA denies the remaining allegations of Paragraph 43.

44. NVIDIA admits that it supplies various computing solutions, but denies that the allegations in Paragraph 44 provide a complete description of NVIDIA's products and services. NVIDIA denies the remaining allegations of Paragraph 44.

45. NVIDIA admits that it offers an open-source physics-ML framework for building, training, and fine-tuning physics informed machine learning models, but denies that the allegations in Paragraph 45 provide a complete description of NVIDIA's products and services. NVIDIA denies the remaining allegations of Paragraph 45.

46. NVIDIA admits that its open-source physics-ML framework was initially called "NVIDIA SimNet", but denies the remaining allegations in Paragraph 46.

47. NVIDIA admits the NVIDIA SimNet name was used at least through October 2021, but denies the remaining allegations in Paragraph 47.

48. NVIDIA denies the allegations in Paragraph 48 of the Complaint.

49. NVIDIA denies the allegations in Paragraph 49 of the Complaint.

50. NVIDIA denies the allegations in Paragraph 50 of the Complaint.

51. NVIDIA denies the allegations in Paragraph 51 of the Complaint.

52. NVIDIA denies the allegations in Paragraph 52 of the Complaint.

53. NVIDIA denies the allegations in Paragraph 53 of the Complaint.

54. NVIDIA denies the allegations in Paragraph 54 of the Complaint.

55. NVIDIA denies the allegations in Paragraph 55 of the Complaint.

56. NVIDIA denies the allegations in Paragraph 56 of the Complaint.

57. NVIDIA denies the allegations in Paragraph 57 of the Complaint.

58. NVIDIA denies the allegations in Paragraph 58 of the Complaint.

59. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and on that basis denies them.

60. NVIDIA denies the allegations in Paragraph 60 of the Complaint.

61. NVIDIA denies the allegations in Paragraph 61 of the Complaint.

62. NVIDIA denies the allegations in Paragraph 62 of the Complaint.

63. NVIDIA denies the allegations in Paragraph 63 of the Complaint.

## COUNT ONE

64. NVIDIA incorporates by reference its answers to all previous paragraphs as though fully stated herein.

65. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint, and on that basis denies them.

66. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint, and on that basis denies them.

67. NVIDIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint, and on that basis denies them.

68. NVIDIA denies the allegations in Paragraph 68 of the Complaint.

69. NVIDIA denies the allegations in Paragraph 69 of the Complaint.

70. NVIDIA denies the allegations in Paragraph 70 of the Complaint.

71. NVIDIA denies the allegations in Paragraph 71 of the Complaint.

72. NVIDIA denies the allegations in Paragraph 72 of the Complaint.

73. NVIDIA denies the allegations in Paragraph 73 of the Complaint.

74. NVIDIA denies the allegations in Paragraph 74 of the Complaint.

75. NVIDIA denies the allegations in Paragraph 75 of the Complaint.

76. NVIDIA denies the allegations in Paragraph 76 of the Complaint.

77. NVIDIA denies the allegations in Paragraph 77 of the Complaint.

78. NVIDIA denies the allegations in Paragraph 78 of the Complaint.

## COUNT TWO

79. NVIDIA incorporates by reference its answers to all previous paragraphs as though fully stated herein.

80. NVIDIA denies the allegations in Paragraph 80 of the Complaint.

81. NVIDIA denies the allegations in Paragraph 81 of the Complaint.

82. NVIDIA denies the allegations in Paragraph 82 of the Complaint.

83. NVIDIA denies the allegations in Paragraph 83 of the Complaint.

84. NVIDIA denies the allegations in Paragraph 84 of the Complaint.

85. NVIDIA denies the allegations in Paragraph 85 of the Complaint.

86. NVIDIA denies the allegations in Paragraph 86 of the Complaint.

87. NVIDIA denies the allegations in Paragraph 87 of the Complaint.

88. NVIDIA denies the allegations in Paragraph 88 of the Complaint.

## COUNT THREE

89. NVIDIA incorporates by reference its answers to all previous paragraphs as though fully stated herein.

90. NVIDIA denies the allegations in Paragraph 90 of the Complaint.

91. NVIDIA denies the allegations in Paragraph 91 of the Complaint.

92. NVIDIA denies the allegations in Paragraph 92 of the Complaint.

93. NVIDIA denies the allegations in Paragraph 93 of the Complaint.

94. NVIDIA denies the allegations in Paragraph 94 of the Complaint.

95. NVIDIA denies the allegations in Paragraph 95 of the Complaint.

96. NVIDIA denies the allegations in Paragraph 96 of the Complaint.

97. NVIDIA denies the allegations in Paragraph 97 of the Complaint.

## PLAINTIFFS' REQUEST FOR RELIEF

To the extent that a responsive pleading to Plaintiffs' Prayer for Relief is required, NVIDIA denies all allegations contained in the Request for Relief and denies that Plaintiffs are entitled to any of the relief sought in the Complaint or any relief whatsoever.

Unless expressly admitted elsewhere in this Answer to the Complaint, NVIDIA denies all allegations of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

NVIDIA pleads the following separate and additional defenses to the Complaint. By pleading these defenses, NVIDIA does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues or that it is liable for any claims against it.

### FIRST DEFENSE
**(Failure to State a Claim)**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**
**(Failure to Mitigate)**

To the extent Plaintiffs are seeking monetary damages, Plaintiffs' claim is barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

**THIRD DEFENSE**
**(No Damages)**

Plaintiffs have sustained no harm, irreparable or otherwise, due to NVIDIA's actions.

**FOURTH DEFENSE**
**(Failure to Allege Aggravating Circumstances)**

Plaintiffs' claims for enhancing damages and fees are barred by Plaintiffs' failure to allege aggravated circumstances sufficient to support the award of such damages or fees. Such an award or fees under 15 U.S.C. § 1117 is permissible only in "exceptional cases," which Plaintiffs have failed to allege here.

**FIFTH DEFENSE**
**(Jurisdiction)**

This Court lacks personal jurisdiction over the defendants in this action.

**SIXTH DEFENSE**
**(Invalidity)**

Plaintiffs' claims are barred as at least one of its alleged trademarks is invalid on one or more grounds, including but not limited to those set forth in the Lanham Act.

**SEVENTH DEFENSE**
**(Non-Infringement)**

NVIDIA has not infringed and currently does not infringe any alleged mark and is not liable for any infringement.

**EIGHTH DEFENSE**
**(Insufficient Notice of Registration)**

Plaintiffs' claims are barred by lack of sufficient notice of its alleged trademark

registrations, including Plaintiffs' failure to properly mark the alleged goods and/or services offered under its alleged registered marks with the ® symbol.

**NINTH DEFENSE**
**(Non-Ownership of the Marks for the Purposes Asserted)**

Plaintiffs' claims are barred as it does not own its alleged trademarks for the purposes asserted.

**TENTH DEFENSE**
**(Abandonment)**

NVIDIA believes, and therefore alleges, that Plaintiffs forfeited their right to recover against NVIDIA by abandoning the asserted marks through failure to enforce the asserted marks, failure to use the asserted marks in commerce, abandonment of trademark applications, and/or licensing any rights in the asserted marks without proper monitoring or quality control.

**ELEVENTH DEFENSE**
**(Unlawful Use by Plaintiff)**

Plaintiffs' claimed rights in and enforcement of the alleged marks are invalid and unenforceable for failure to comply with one or more of the requirements of registration or trademark protection as set forth by the United States Patent and Trademark Office, federal law, the states of Arizona, Texas, or California, and/or the failure to comply with all relevant regulations related thereto. On information and belief, the unlawful use includes Plaintiffs' false advertising in connection with the services offered under Plaintiffs' invalid and unenforceable marks.

**TWELFTH DEFENSE**
**(Lack of Causation)**

Plaintiffs' Complaint fails because NVIDIA was not the actual or proximate cause of any damage to Plaintiff.

**THIRTEENTH DEFENSE**
**(Non-Incontestability)**

The purported incontestability of Plaintiffs' alleged trademark registrations is limited to the narrow scope of the registrations and any alleged incontestability is subject to, among other things, 15 U.S.C. §§ 1064, 1065, and 1141. The status of Plaintiffs' alleged marks does not confer additional rights outside the purpose asserted for the marks.

**FOURTEENTH DEFENSE**
**(Unclean Hands)**

Plaintiffs' claims are barred by their conduct. NVIDIA believes and therefore alleges that Plaintiffs seek to extend the scope of their alleged marks to additional goods and services.

**FIFTEENTH DEFENSE**
**(Laches)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**SIXTEENTH DEFENSE**
**(Generic or Descriptive and Lacks Secondary Meaning)**

The alleged marks are either generic or merely descriptive without secondary meaning, and therefore are not enforceable.

**SEVENTEENTH DEFENSE**
**(Waiver)**

The relief Plaintiffs seek is barred by the doctrine of waiver.

**EIGHTEENTH DEFENSE**
**(Acquiescence and/or Estoppel)**

Plaintiffs permitted NVIDIA to use the asserted marks, and thus their claims are barred by the doctrines of acquiescence or estoppel.

**NINETEENTH DEFENSE**
**(Lack of Standing)**

Plaintiffs' claims are barred because they lack standing or otherwise fail to meet statutory

requirements to assert their claims, including because they do not have sufficient ownership rights in the asserted marks.

**RESERVATION OF ADDITIONAL DEFENSES**

NVIDIA does not presently know all facts concerning the conduct and claims of Plaintiffs sufficient to state all affirmative defenses at this time. NVIDIA will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses. NVIDIA reserves any and all additional affirmative defenses available to it.

**JURY DEMAND**

NVIDIA demands a trial by jury for all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, NVIDIA respectfully requests that the Court enter judgment in its favor and against Plaintiffs as follows:

1. Dismissing, with prejudice Plaintiffs' claims against NVIDIA;
2. Denying all relief that Plaintiffs seek in their Complaint;
3. Finding this case to be exceptional under 35 U.S.C. § 285 and awarding NVIDIA its costs and attorney's fees; and
4. An award by the Court to NVIDIA of any other relief that the Court considers just and equitable.

Respectfully submitted,

Dated: May 31, 2024

By: */s/ Bradley D. Coburn*

Bradley D. Coburn
Texas State Bar No. 24036377
Barry K. Shelton
Texas State Bar No. 24055029
**WINSTON & STRAWN LLP**
2121 North Pearl Street, Suite 900
Dallas, TX 75201
bcoburn@winston.com
(214) 453-6407 (Telephone)
(214) 453-6400 (Facsimile)

Eric J. Ball (CSB No. 241327)*
Email: eball@fenwick.com
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Anthony M. Fares (CSB No. 318065)*
Email: afares@fenwick.com
**FENWICK & WEST LLP**
555 California Street, #12
San Francisco, CA 94104
Telephone: 415.875.2300

*Attorneys For Defendant NVIDIA Corp.*

**** Admitted Pro Hac Vice***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service, if any, were served with a true and correct copy of the foregoing by first class mail.

*/s/ Bradley D. Coburn*
Bradley D. Coburn