**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

MODULUS FINANCIAL ENGINEERING INC., et al.,

Plaintiffs,

v.

NVIDIA Corp.,

Defendant.

Case No. 1:24-cv-362-RP

[redacted]

**NVIDIA CORPORATION'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' REQUEST FOR LEGAL DAMAGES**

# TABLE OF CONTENTS

**Pages**


INTRODUCTION ..........1

FACTUAL BACKGROUND ..........2

I. THE PARTIES ..........2

A. NVIDIA Offers A Free Physics Toolkit That Was Temporarily Named "NVIDIA Modulus." ..........2

B. Modulus Financial Is An Intellectual Property Holding Company That Purports To Own Trademarks To The Name "Modulus" Or "Modulus AI." ..........3

C. Modulus Global Markets Financial Exchange Software To Cryptocurrency Exchanges. ..........4

II. PROCEDURAL HISTORY ..........4

A. In 2024, Plaintiffs Sued NVIDIA For Trademark Infringement. ..........4

B. Plaintiffs Did Not [redacted] In Their Interrogatory Responses. ..........5

C. Plaintiffs Did Not [redacted] ..........5

D. Plaintiffs' Damages Expert [redacted] ..........6

LEGAL STANDARDS ..........7

ARGUMENT ..........8

I. MODULUS FINANCIAL [redacted] ..........8

II. MODULUS GLOBAL [redacted] ..........9

A. Modulus Global [redacted]. ..........10

1. Modulus Global [redacted] ..........10

2. The Fact Evidence In The Record Shows Modulus Global [redacted] ....................11

3. Modulus Global's [redacted] Cannot Support Lost Profits Damages....................13

B. Modulus Global Cannot Recover Lost Profits Under The Five Asserted Trademarks Because It Either Has No Standing Or Began Using Them In Commerce After NVIDIA Already Started Using The Name "NVIDIA Modulus."....................15

1. Under The Lanham Act, Modulus Global Lacked Standing To Sue For The Trademarks In The '560 And '640 Registrations In The Years It Seeks Lost Profits....................15

2. Under The Lanham Act, Modulus Global Has No Claim For Infringement Of The Remaining Trademarks Because It Admits It Began Using Them After NVIDIA's Use Of "NVIDIA Modulus." .........17

3. Modulus Global Does Not [redacted]. ................19

CONCLUSION....................20

## TABLE OF AUTHORITIES[1]

**Page(s)**

**Cases**

*Amazing Spaces, Inc. v. Metro Mini Storage*,
608 F.3d 225 (5th Cir. 2010) ....................19, 20

*Banda v. Cappuccio*,
2025 WL 852654 (W.D. Tex. Feb. 26, 2025)....................7

*Berg v. Symons*,
393 F. Supp. 2d 525 (S.D. Tex. 2005) ....................12

*Doe (E.M.B.) v. G6 Hospitality, LLC*,
2025 WL 2556106 (E.D. Tex. April 23, 2025)....................13

*El Agula Food Prods., Inc. v. Gruma Corp.*,
301 F. Supp. 2d 612 (S.D. Tex. Dec. 23, 2003)....................14

*Exxon Mobil Corp. v. FX Networks, LLC*,
2015 WL 12942049 (S.D. Tex. Aug. 26, 2015) ....................8

*Fire Prot. Serv., Inc. v. Survitec Survival Prods., Inc.*,
2024 WL 2946098 (S.D. Tex. June 11, 2024)....................19, 20

*Firebirds Int'l, LLC v. Firebird Rest. Grp., LLC*,
397 F. Supp. 3d 847 (N.D. Tex. 2019) ....................7

*Flu Shots of Texas, Ltd. v. Lopez*,
2014 WL 1327706 (N.D. Tex. April 3, 2014) ....................20

*Green Revolution Cooling, Inc. v. Riot Platforms, Inc.*,
2025 WL 1674487 (W.D. Tex. Jan. 23, 2025) ....................10

*Hosseini-Browder v. Hosseini*,
2026 WL 511141 (5th Cir. Feb. 24, 2026) ....................2, 20

*I&I Hair Corp. v. Beauty Plus Trading Co.*,
2025 WL 2556243 (5th Cir. Sept. 5, 2025) ....................8

*Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*,
10 F.4th 422 (5th Cir. 2021) ....................16

[1] All emphasis is added unless otherwise noted.

*Keener v. Sizzler Fam. Steak Houses*,
597 F.2d 453 (5th Cir. 1979) ....................13

*Med. Components, Inc. v. Osiris Med., Inc.*,
2017 WL 749020 (W.D. Tex. Feb. 24, 2017)....................8

*Original LULAC Council No. 2 v. Rey Feo Scholarship Found., Inc.*,
2024 WL 4098851 (W.D. Tex. Aug. 30, 2024)....................18, 20

*Paulsson Geophysical Servs., Inc. v. Sigmar*,
529 F.3d 303 (5th Cir. 2008) ....................2, 17

*Photoprotective Techs., Inc. v. Rexel, Inc.*,
2010 WL 11601560 (W.D. Tex. Dec. 9, 2010) ....................19

*Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*,
80 F.4th 607 (5th Cir. 2023) ....................2, 16, 17

*Rex Real Estate I, L.P. v. Rex Real Estate Exch., Inc.*,
2024 WL 4481850 (5th Cir. Oct. 14, 2024)....................16

*Sanders v. Flanders*,
564 F. App'x 742 (5th Cir. 2014) ....................14

*Savage Tavern, Inc. v. Signature Stag, LLC*,
589 F. Supp. 3d 624 (N.D. Tex. 2022) ....................17

*Stelluti Kerr, L.L.C. v. Mapei Corp.*,
703 F. App'x 214 (5th Cir. 2017) ....................14

*Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*,
851 F.3d 440 (5th Cir. 2017) ....................19

*Tinker, Inc. v. Poteet*,
2017 WL 4351304 (N.D. Tex. Sept. 30, 2017)....................18, 20

*Wearable Shoe Tree, LLC v. Does 1-601*,
2025 WL 872524 (E.D. Tex. March 20, 2025)....................16

**Statutes**

15 U.S.C. § 1114....................12, 17

15 U.S.C. § 1125(a) ....................17

**Other Authorities**

Fed. R. Civ. P. 26(a) ....................11

Fed. R. Civ. P. 26(e) ....................................................................................................11

Fed. R. Civ. P. 37(c)(1)....................................................................................................11

Fed. R. Civ. P. 56..........................................................................................................7, 15

Defendant NVIDIA Corporation ("NVIDIA") respectfully moves for summary judgment that Plaintiffs Modulus Financial and Modulus Global are not entitled to legal damages for their claims of trademark infringement. NVIDIA also moves to strike Plaintiffs' request for a jury trial.

**INTRODUCTION**

Plaintiffs seek damages of around [redacted] in [redacted] but have no evidence raising a genuine issue that they ever [redacted] due to the alleged trademark infringement.

One plaintiff, Modulus Financial, [redacted] because it is an intellectual property holding company [redacted]. Plaintiffs' CEO [redacted]

The other plaintiff, Modulus Global, also [redacted] Modulus Global sells software called the "Modulus Exchange Solution" used for building stock exchanges. NVIDIA previously used the name "NVIDIA Modulus" for a free toolkit for building and training neural networks that obey the laws of physics. In the two years this case has been pending, Modulus Global has failed to come forward with any evidence that NVIDIA's use of the name "NVIDIA Modulus" with its free physics toolkit [redacted] Modulus Global did not disclose [redacted] in its interrogatory responses, and [redacted] Without [redacted] Modulus Global relies exclusively on [redacted]—[redacted]—are legally insufficient to support lost profits.

In addition, Modulus Global cannot recover [redacted] for any of the five asserted trademarks: it lacks standing to recover its claimed lost profits for two of the trademarks, and for the other three trademarks it is the junior user. Under binding Fifth Circuit precedent, as a mere licensee, Modulus Global lacks standing to seek [redacted] after the trademarks were registered with the USPTO. *Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*, 80 F.4th 607, 617–18 (5th Cir. 2023). But for two of the asserted trademarks, Modulus Global seeks [redacted] that were allegedly incurred ***after*** those trademarks were registered. For the remaining three trademarks, under binding precedent, Modulus Global cannot prove infringement or recover lost profits because it is the junior user. *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 309 (5th Cir. 2008). Modulus Global admits that NVIDIA used "NVIDIA Modulus" in commerce before Modulus Global used those three trademarks in commerce.

For the foregoing reasons, the Court should grant summary judgment of no [redacted] as to each Plaintiff. And because Plaintiffs' only remaining remedies—disgorgement and an injunction—are equitable, the Court should also strike Plaintiffs' demand for a jury trial. *Hosseini-Browder v. Hosseini*, 2026 WL 511141, at *2 (5th Cir. Feb. 24, 2026).

## FACTUAL BACKGROUND

### I. THE PARTIES

#### A. NVIDIA Offers A Free Physics Toolkit That Was Temporarily Named "NVIDIA Modulus."

In 2020, NVIDIA launched a free physics toolkit called "NVIDIA SimNet." Ex. E. In November 2021, NVIDIA renamed its physics toolkit "NVIDIA Modulus." Ex. F. In March 2025, NVIDIA renamed the physics toolkit again, to "NVIDIA PhysicsNeMo." Ex. G.

No matter its name, NVIDIA's free toolkit has always been used to train neural networks that obey the laws of physics. *Id.* For example, Siemens Gamesa used the toolkit to train neural

networks "to optimize wind farm layouts." Ex. H. To download and install the physics toolkit, a user must implement complex instructions in the Python coding language. Ex. I.

**B. Modulus Financial Is An Intellectual Property Holding Company That Purports To Own Trademarks To The Name "Modulus" Or "Modulus AI."**

Plaintiffs Modulus Financial and Modulus Global are two separate companies. Richard Gardner is the CEO of both companies. Ex. J at 2, 7, 8.

Since 2018, Plaintiff Modulus Financial has functioned as an [redacted] Ex. J at 8; Ex. C at 419:4–6. Modulus Financial purports to own five trademarks to the names "Modulus" or "Modulus AI," each covering use of the names in connection with specified goods and services (*e.g.*, "computer software development tools" or "[b]usiness monitoring and consulting services"). Ex. J at 23–28; Dkt. 1, ¶¶ 20, 24, 27, 30, 33. Modulus Financial filed applications to register the five trademarks with the United States Patent and Trademark Office ("USPTO"), four of which have been granted.

The first two applications issued in 2015 and 2022, each with a first use date earlier than NVIDIA's first use of the name "NVIDIA Modulus" in 2021:

| Reg. / App. No. | First Use Date | Issue Date | Mark |
|---|---|---|---|
| Reg. No. 4,755,560 | Mar. 22, 2002 | June 16, 2015 | MODULUS |
| Reg. No. 6,624,640 | Aug. 8, 2009 | Jan. 25, 2022 | MODULUS |

Dkt. 1, ¶¶ 20–26; Ex. J at 23–24. For the remaining three trademarks, however, Plaintiffs do not claim a first use date that was before NVIDIA began using the name "NVIDIA Modulus" in 2021:

| Reg. / App. No. | First Use Date | Issue Date | Mark |
|---|---|---|---|
| Reg. No. 7,581,620[2] | N/A[3] | Nov. 26, 2024 | MODULUS |
| Reg. No. 7,360,459 | Apr. 16, 2024 | Apr. 16, 2024 | MODULUS AI |

[2] Plaintiffs identified this mark as Application No. 97/849,465 in their interrogatory responses, Ex. J at 24, but the USPTO has since issued the mark as Registration No. 7,581,620, Ex. X. Thus, NVIDIA refers to this trademark herein as "the '620 Registration."

[3] Plaintiffs identified "N/A" as the first use date for the '620 registration and the '677 application in their discovery responses. Ex. J at 24, 25.

| Reg. / App. No. | First Use Date | Issue Date | Mark |
|---|---|---|---|
| App. No. 97/901,677 | N/A | N/A | MODULUS AI |

Dkt. 1, ¶¶ 27–35; Ex. J at 24–28. Modulus Financial licensed the trademark in the '560 Registration—claiming use of the name "Modulus" for "[c]omputer software development tools"—to Modulus Global. Ex. K at -321; Ex. J at 23. [redacted]. *Id.*

### C. Modulus Global Markets Financial Exchange Software To Cryptocurrency Exchanges.

Modulus Global used the licensed "Modulus" trademark to sell financial software called the "Modulus Exchange Solution," which is used for building exchanges for trading stocks, cryptocurrency, or other assets. Ex. C, 149:11–15 ([redacted]); *see also* Ex. L at 6 ([redacted]). Modulus Global's [redacted] Ex. C at 245:19–24.

## II. PROCEDURAL HISTORY

### A. In 2024, Plaintiffs Sued NVIDIA For Trademark Infringement.

In April 2024—almost three years after NVIDIA changed the name of its physics toolkit to "NVIDIA Modulus"—Plaintiffs filed this lawsuit for infringement of the five asserted trademarks. Dkt. 1. Plaintiffs assert that NVIDIA's use of the name "NVIDIA Modulus" with its free physics toolkit caused a likelihood of confusion with Plaintiffs' use of the name "MODULUS" for their software. *Id.*, ¶ 61.

Plaintiffs' Complaint asserts causes of action for trademark infringement under the Lanham Act and Texas common law, each resting on the identical allegation that "NVIDIA's unauthorized

use in commerce of the identical mark MODULUS is likely to cause confusion." Dkt. 1, ¶¶ 64–97. As a remedy for each cause of action, Plaintiffs seek damages in the form of lost profits.[4]

**B. Plaintiffs Did Not Disclose [redacted] In Their Interrogatory Responses.**

At the outset of discovery, on August 19, 2024, NVIDIA served an interrogatory on both Plaintiffs requesting "all facts that support or refuse any alleged damage or injury," including "lost profits." Ex. J at 31. In their response, Plaintiffs generally stated that they sought damages in the form of "lost sales and/or lost profits" but did not provide any factual support for those damages—stating only that "the amount of [their lost profits] has not yet been calculated." *Id.* at 31–32.

After Plaintiffs refused to supplement their response, NVIDIA filed a motion to compel Plaintiffs to disclose the factual bases for their damages theories. Dkt. 57. Plaintiffs opposed on the basis that those factual bases were the subject of expert discovery. Dkt. 59 at 7–8. At the hearing on NVIDIA's motion to compel, [redacted] Ex. M at 4:5–13 [redacted] *Id.* at 30:11–22 [redacted]; 38:20–39:9 [redacted]

**C. Plaintiffs Did Not [redacted]**

Setting aside their interrogatory responses, Plaintiffs did not provide any other facts during discovery to support their claimed lost profits. [redacted] Ex. C at 164:1–6. Further, while

[4] Plaintiffs also seek disgorgement and an injunction, which are the subject of NVIDIA's separate motion for summary judgment on Plaintiffs' equitable remedies.

Plaintiffs identified three individuals that they claim were confused by NVIDIA's use of the name "NVIDIA Modulus"—[redacted]—Plaintiffs and their expert [redacted] Ex. B at 67:10–20 ([redacted] Ex. O ([redacted]); Ex. D at 53:13–23 ([redacted]).

**D. Plaintiffs' Damages Expert [redacted]**

On November 22, 2025, Plaintiffs served a report from their damages expert, Mr. Alexander Clemons. Mr. Clemons' report [redacted] Ex. A; Ex. J at 8; Ex. C at 419:4–6.

Instead, Mr. Clemons' report addresses [redacted] However, Mr. Clemons' report does not identify [redacted] Ex. A. Instead, Mr. Clemons relies exclusively on [redacted] Ex. A at 21; Ex. B at 35:4–15. [redacted] Ex. A at 21; Ex. C at 408:25–410:14. [redacted]—[redacted]. Ex. J at 17. [redacted]

[redacted]). Mr. Clemons cites no other evidence to support his assumptions [redacted]. Ex. A at 21.[5]

## LEGAL STANDARDS

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. If the "crucial issue is one on which the opponent will bear the ultimate burden of proof at trial," a movant caries its burden by showing "that the evidence in the record insufficiently supports an essential element of the opponent's claim." *Banda v. Cappuccio*, 2025 WL 852654, at *2 (W.D. Tex. Feb. 26, 2025) (quoting *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991)).

"Recovery of damages for trademark infringement is subject to the usual standards of damages: plaintiff must prove both causation and amount." 4 McCarthy on Trademarks and Unfair Competition § 30:72 (5th ed.). A plaintiff seeking to recover lost profits must prove "actual damages." *Firebirds Int'l, LLC v. Firebird Rest. Grp., LLC*, 397 F. Supp. 3d 847, 869 (N.D. Tex. 2019) ("Monetary damages are not warranted in trademark infringement cases" where there is a "lack of sufficient proof of actual damages") (quoting *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 459 (5th Cir. 2017)); 4 McCarthy on Trademarks and Unfair Competition

[5] Mr. Clemons served an untimely "supplemental" report in January 2026 that purports to add [redacted]. Ex. P at 4-6. But, as NVIDIA explains in its motion to exclude Mr. Clemons' testimony, neither [redacted].

§ 30:79 (5th ed.) ("In an appropriate case, plaintiff's damages may be measured by ***the profits lost by plaintiff*** because of defendant's infringement.").

The plaintiff "must prove the loss through competent evidence with reasonable certainty." *I&I Hair Corp. v. Beauty Plus Trading Co.*, 2025 WL 2556243, at *1 (5th Cir. Sept. 5, 2025); *see also* 4 McCarthy on Trademarks and Unfair Competition § 30:79 (5th ed.) ("While damages resulting from lost profits need not be proven with 'certainty,' damages may not be 'speculative' . . . ."). Lost profits cannot be based on "evidence that is speculative, uncertain, contingent, or hypothetical." *E.g.*, *Med. Components, Inc. v. Osiris Med., Inc.*, 2017 WL 749020, at *1 (W.D. Tex. Feb. 24, 2017) (quoting *Blase Indus. Corp. v. Anorad Corp.*, 442 F.3d 235, 238 (5th Cir. 2006)). Summary judgment in favor of defendant is appropriate where "there is no evidence [the plaintiff] has sustained a direct injury caused by [the defendant's use of the asserted] mark." *Exxon Mobil Corp. v. FX Networks, LLC*, 2015 WL 12942049, at *2 (S.D. Tex. Aug. 26, 2015).

## ARGUMENT

### I. MODULUS FINANCIAL [redacted]

As discussed above, Modulus Financial is [redacted] Ex. J at 2; Ex. A at 7; Ex. C at 419:4–6. Thus, Plaintiffs have made [redacted]—whether through fact or expert discovery.

During fact discovery, Modulus Financial [redacted] In response to NVIDIA's interrogatory seeking "all facts that support or refuse any alleged damage or injury," including "lost profits," Plaintiffs did not separately address [redacted] and also stated that [redacted] Ex. J at 31–32.

Nor did Plaintiffs' damages expert, Mr. Clemons, identify any [redacted] His [redacted] opinions rely on [redacted] Ex. C at 420:11–15 ([redacted]). And Mr. Clemons admitted he has not [redacted] Ex. B at 71:20–72:6. Mr. Clemons also does not opine that [redacted] Ex. B at 71:13–19 ([redacted]). [redacted]

Accordingly, Modulus Financial cannot raise any genuine fact disputes regarding [redacted] (to the extent it even seeks them). The Court should grant summary judgment of no lost profits damages in favor of NVIDIA as to Modulus Financial.

## II. MODULUS GLOBAL [redacted]

NVIDIA is entitled to summary judgment on Modulus Global's lost profits claim for two independent reasons. ***First***, Modulus Global [redacted] ***Second***, Modulus Global cannot recover [redacted] for any of the asserted trademarks because it either lacks standing in the period in which it sues [redacted], or it has no claim of infringement because it is not the senior user of the marks.

### A. Modulus Global [redacted]

Fact and expert discovery have come and gone and Modulus Global did not marshal any evidence [redacted] Moreover, Plaintiffs' damages expert relies only on [redacted] The Court should grant summary judgment on Modulus Global's lost profits claim.

#### 1. Modulus Global [redacted]

The law required Modulus Global to disclose the factual bases of its damages theories, including its lost profits theory, during fact discovery. *Green Revolution Cooling, Inc. v. Riot Platforms, Inc.*, 2025 WL 1674487, at *11 (W.D. Tex. Jan. 23, 2025) (ordering plaintiff to supplement its interrogatory response to provide "a reasonable level of specificity as to the bases [for lost profits]"). In response to NVIDIA's interrogatory requesting "all facts that support or refuse any allege damage or injury," including "lost profits," Modulus Global [redacted] Ex. J at 31–32. When NVIDIA moved to compel a complete response to that interrogatory, Modulus Global avoided supplementation by promising [redacted] Ex. M at 30:14–15 [redacted]), *id.* at 38:20–39:9 [redacted]).

Thus, having elected not to disclose [redacted] Modulus Global is stuck with the consequences of that choice. The Court should

find that Modulus Global cannot rely on any fact evidence—*e.g.*, fact witness testimony—to prove [redacted] Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial . . . .").

### 2. The Fact Evidence In The Record Shows Modulus Global [redacted]

Moreover, the evidence in the record demonstrates that [redacted] Ex. C at 164:1–6. And while Modulus Global identified three individuals who they claim were confused by NVIDIA's use of the name—[redacted]—[redacted] Ex. B at 67:10–20; Ex. C at 496:20–24; Ex. D at 53:13–23; Ex. O.

For example, [redacted]

[redacted]

[redacted]

[redacted]

In short, setting aside whether these three instances of alleged confusion can prove NVIDIA's use of the name "NVIDIA Modulus" was "likely to cause confusion" with Modulus Global's business, 15 U.S.C. § 1114, it is undisputed that Modulus Global [redacted] *Berg v. Symons*, 393 F. Supp. 2d 525, 559–60 (S.D. Tex. 2005) (finding "no evidence of damages" where "letters from customers expressing confusion [did] not

show that [Plaintiff] lost business; rather, it show[ed] that those people wanted to continue to do business with [Plaintiff]").

### 3. Modulus Global's [redacted]

Without any fact evidence, Modulus Global [redacted] *E.g.*, Ex. M at 30:11–22; 38:20–39:9. But Plaintiffs' damages expert, Mr. Clemons, offers [redacted]—[redacted] In particular, Mr. Clemons relies exclusively [redacted]

As NVIDIA explains in its *Daubert* motion, Mr. Clemons' wholesale adoption of [redacted] As many courts have recognized, "rudimentary precepts of reliability require that an 'expert cannot forgo [their] own independent analysis and rely exclusively on what an interested party tells them." *Doe (E.M.B.) v. G6 Hospitality, LLC*, 2025 WL 2556106, at *20 (E.D. Tex. April 23, 2025) (quoting *Harris v. FedEx Corp. Servs., Inc.,* 92 F.4th 286, 303 (5th Cir. 2024)). Without Mr. Clemons' [redacted] Modulus Global has no other expert evidence [redacted]

Regardless, Mr. Clemons' testimony cannot serve as a sufficient basis to support Modulus Global's [redacted]. The Fifth Circuit has "consistently required more evidence than the self-serving speculation of the plaintiff to support an award of damages." *Keener v. Sizzler Fam. Steak Houses*, 597 F.2d 453, 457 (5th Cir. 1979) (rejecting lost profits testimony from the plaintiff's owner because it was "based upon speculation and guesswork"); *Sanders v.*

*Flanders*, 564 F. App'x 742, 744 (5th Cir. 2014) (affirming district court's holding testimony that is "speculative as to lost investors and lost profits" is not enough.).

Here, [redacted] "unsubstantiated, self-serving speculation about future sales," which is "legally insufficient to show lost profits." *Stelluti Kerr, L.L.C. v. Mapei Corp.*, 703 F. App'x 214, 231 (5th Cir. 2017) (quotations omitted)); *El Agula Food Prods., Inc. v. Gruma Corp.*, 301 F. Supp. 2d 612, 624 (S.D. Tex. Dec. 23, 2003) ("The testimony that is relied upon to support [the expert's] assumptions are the self-serving testimony of the plaintiffs, which fails to establish a basis for their claim of loss sales."). And Mr. Clemons' lost profits opinions—[redacted]. *Stelluti Kerr*, 703 F. App'x at 231.

In all, Modulus Global has no competent evidence—either from a fact witness or expert witness—[redacted]. So, no genuine fact dispute exists about the lack of

actual damages Modulus Global has suffered, and NVIDIA is entitled to summary judgment as a matter of law on Modulus Global's claim for lost profits. Fed. R. Civ. P. 56.

**B. Modulus Global Cannot Recover Lost Profits Under The Five Asserted Trademarks Because It Either Has No Standing Or Began Using Them In Commerce After NVIDIA Already Started Using The Name "NVIDIA Modulus."**

Modulus Global asserts infringement of five trademarks claiming use of the name "Modulus" for different purposes. Dkt. 1 at ¶¶ 20, 24, 27, 30, 33. As explained above, *supra*, p. 3, the trademarks are described in various registrations that Modulus Financial submitted to the Trademark Office: the '560 Registration, the '640 Registration, the '459 Registration, the '620 Registration, and a pending application called the '677 Application. *Id.*; Ex. J at 23–28.

Modulus Global cannot [redacted] under any of the five asserted trademarks. Under the Lanham Act, Modulus Global lacked standing to sue for two of the trademarks (the '560 Registration and the '640 Registration) in the period in which seeks lost profits, and Modulus Global has no claim of infringement of the remaining trademarks (the '459 Registration, the '620 Registration, and the '677 Application) because it began using them in commerce after NVIDIA had already renamed its toolkit to "NVIDIA Modulus." Modulus Global cannot [redacted] under its Texas common law claims for the same reasons.

**1. Under The Lanham Act, Modulus Global Lacked Standing To Sue For The Trademarks In The '560 And '640 Registrations In The Years It Seeks Lost Profits.**

Although NVIDIA renamed its physics toolkit to "NVIDIA Modulus" in November 2021, Modulus Global seeks [redacted]. Ex. A at 22.[6] But Modulus Global did not have standing to sue for infringement of the trademarks in the '560 and '640 Registrations in those years: because it does not own the asserted trademarks, Modulus

6 [redacted]

Global had standing to sue for them only ***before*** they were registered with the USPTO in 2015 and 2022, respectively.

Under the Lanham Act, only "the owner" has standing to sue for infringement of "registered" trademarks—via a claim under Section 32(1) of the Lanham Act. *Rex*, 80 F.4th at 616. As a non-owner, Modulus Global can sue only for "infringement of unregistered trademarks" under Section 43(a) of the Lanham Act. *Id.* at 616–17; *Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422, 426 (5th Cir. 2021) ("Section 32 creates a cause of action for infringement of registered marks; Section 43 creates a cause of action for infringement of unregistered marks."). Because Modulus Global is limited to suing for infringement of ***unregistered*** trademarks, Modulus Global's claims are likewise limited to the period ***before*** the asserted trademarks were registered with the USPTO.

The Fifth Circuit crystallized that limitation in *Rex*. 80 F.4th at 616–17. There, the plaintiff brought claims for infringement of registered trademarks. *Id.* at 616. After finding that the plaintiff did not own the trademarks at issue, the Fifth Circuit found that the plaintiff lacked standing to sue for "alleged infringement of the marks after federal registration." *Id.* at 628. Instead, the Fifth Circuit limited the plaintiff's claim to "infringement of the marks ***before they were federally registered***." *Id.* at 628; *Rex Real Estate I, L.P. v. Rex Real Estate Exch., Inc.*, 2024 WL 4481850, at *1 (5th Cir. Oct. 14, 2024) ("We affirmed the district court's ruling on Rex I's trademark claims that arose after those marks were federally registered, but reversed and remanded for a new trial on Rex I's claims that arose before federal registration."); *Wearable Shoe Tree, LLC v. Does 1-601*, 2025 WL 872524, at *4 (E.D. Tex. March 20, 2025) (declining to consider a claim for only "registered trademarks" under Section 43(a) (15 U.S.C. § 1125(a)) in view of *Rex*).

Here, Modulus Financial registered the '560 Registration in 2015 and the '640 Registration in 2022, Dkt. 1, ¶¶ 21, 25; Dkt. 2 at 2, Dkt. 2-1 at 2, ***before*** Modulus Global's lost profits damages claims begin in 2023, Ex. A at 21 ([redacted]). ***No overlap*** exists between Modulus Global's standing to sue for infringement of those two trademarks "before they were federally registered" in 2015 and 2022, and [redacted] *Rex*, 80 F.4th at 616–17. Thus, under *Rex*, Modulus Global cannot claim lost profits under those two trademarks.

### 2. Under The Lanham Act, Modulus Global Has No Claim For Infringement Of The Remaining Trademarks Because It Admits It Began Using Them After NVIDIA's Use Of "NVIDIA Modulus."

"To succeed in an infringement action a party must also prove that it is the mark's senior user." *Savage Tavern, Inc. v. Signature Stag, LLC*, 589 F. Supp. 3d 624, 647 (N.D. Tex. 2022); *Paulsson Geophysical*, 529 F.3d at 309 (plaintiff must prove "he is the senior user" to support trademark infringement (quoting *Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*, 909 F.2d 839, 844 (5th Cir. 1990)). A party cannot receive lost profits if it cannot prove trademark infringement. *E.g.*, 15 U.S.C. § 1114.

Modulus Global cannot show the trademarks in the '459 Registration, the '620 Registration, and the '677 Application were used in commerce before NVIDIA began using "NVIDIA Modulus" in November 2021. Modulus Global admits it began using the trademark recited in the '459 Registration in April 2024. Ex. J at 24. And Modulus Global identified the first use in commerce for the trademarks in the '620 Registration and the '677 Application as "N/A" in its discovery responses. Ex. J at 24–25.[7] Thus, Modulus Global cannot show that it

[7] Although the face of the '620 Registration identifies a "10-00-2002" date of first use in commerce, Ex. V at -810, Modulus Financial submitted only an August 2024 website to the USPTO to support that the trademark had been used in commerce, Ex. V at -810, -813. And Plaintiffs' identification of "N/A" in their discovery responses as the first use in commerce for this

began using any of those trademarks before NVIDIA's first use of "NVIDIA Modulus" in November 2021. As a result, Modulus Global cannot show that it is the "senior user" for any of the trademarks in the '459 Registration, the '620 Registration, or the '677 Application, and cannot assert infringement of those trademarks. *Original LULAC Council No. 2 v. Rey Feo Scholarship Found., Inc.*, 2024 WL 4098851, at *3-5 (W.D. Tex. Aug. 30, 2024) (determining that, where the plaintiff did not use the mark in commerce before the defendant, the plaintiff was not the "senior user;" granting summary judgment in favor of defendant); *Tinker, Inc. v. Poteet*, 2017 WL 4351304, at *6 (N.D. Tex. Sept. 30, 2017) ("Plaintiff's claims against Defendants for trademark infringement are barred by Defendants' senior use of the Mark"). And without infringement, Modulus Global cannot obtain its [redacted] for those trademarks.

* * *

To summarize, Modulus Global cannot obtain [redacted] under any of the five asserted trademarks under the Lanham Act, because it either lacks standing in the period in which it sues for lost profits, or has no claim of infringement because it is not the senior user:

| Trademark | Claimed First Use | Registration Date | Reason Modulus Global Cannot [redacted] |
|---|---|---|---|
| '560 Registration | Mar. 22, 2002 | July 16, 2015 | **No Standing.** Modulus Global does not seek [redacted] before this trademark was registered in 2015. |
| '640 Registration | Aug. 8, 2009 | Jan. 25, 2022 | **No Standing.** Modulus Global does not seek [redacted] before this trademark was registered in 2022. |
| '459 Registration | Apr. 16, 2024 | Apr. 16, 2024 | **Not The Senior User.** Modulus Global does not claim it began using this trademark before NVIDIA had already started using "NVIDIA Modulus" in November 2021. |
| '620 Registration | N/A | Nov. 26, 2024 | **Not The Senior User.** Modulus Global does not claim it began using |

trademark precludes any ability to claim an earlier date now. Ex. J at 24. Regardless, the '620 Registration is also irrelevant because the use of "Modulus" that it claims—"[c]onsulting in the field for sales methods," *id.*—has nothing to do with NVIDIA's accused physics toolkit.

| Trademark | Claimed First Use | Registration Date | Reason Modulus Global Cannot [redacted] |
|---|---|---|---|
| | | | this trademark before NVIDIA had already started using "NVIDIA Modulus" in November 2021. |
| '677 Application | N/A | N/A | **Not The Senior User.** Modulus Global does not claim it began using this trademark before NVIDIA had already started using "NVIDIA Modulus" in November 2021. |

### 3. Modulus Global Does Not [redacted] Under Texas Common Law For The Same Reasons.

For the same reasons, Modulus Global cannot [redacted] under Texas common law. "A trademark infringement and unfair competition action under Texas common law presents essentially 'no difference in issues than those under federal infringement actions.'" *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235 n.7 (5th Cir. 2010) (quoting *Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Improvement Corp.*, 53 S.W.3d 799, 806 n.3 (Tex. App. Austin 2001)); *Streamline*, 851 F.3d at 450 ("The elements of common law trademark infringement under Texas law are the same as those under the Lanham Act."); *Photoprotective Techs., Inc. v. Rexel, Inc.*, 2010 WL 11601560, at *5 (W.D. Tex. Dec. 9, 2010) ("Texas courts have acknowledged that the common law elements of unfair competition including trademark are no different than those under federal trademark law."). Thus, a dismissal "under the Lanham Act will be dispositive of [a plaintiff's] corresponding claims under Texas law as well." *Amazing Spaces*, 608 F.3d at 235 n.7. For example, courts have dismissed trademark infringement claims under Texas common law after finding that the plaintiff—as a non-owner of the trademark at issue—lacked standing to bring such a claim under the Lanham Act. *E.g.*, *Fire Prot. Serv., Inc. v. Survitec Survival Prods., Inc.*, 2024 WL 2946098, at *5 (S.D. Tex. June 11, 2024) ("SSP has no more standing under Texas state law than under federal law."); *Flu Shots of Texas, Ltd. v. Lopez*,

2014 WL 1327706, at *5-6 (N.D. Tex. April 3, 2014) (because plaintiff "lack[ed] standing to assert its federal trademark infringement claims," plaintiff also "lack[ed] standing to bring" claims for "common law trademark infringement").

Those decisions are on point and eliminate Modulus Global's [redacted] under Texas common law. Just like their Lanham Act claim, Modulus Global's claim under Texas common law rests on the allegation that NVIDIA has infringed upon Plaintiffs' purported rights in "the MODULUS Mark." *See* Dkt. 1, ¶¶ 89–97. Modulus Global "ha[s] no more standing under Texas state law than under federal law," *Fire Prot Serv.*, 2024 WL 2946098, at *5, and its lack of standing to pursue lost profits under the Lanham Act is "dispositive of [its] corresponding claims under Texas law as well." *Amazing Spaces*, 608 F.3d at 235 n.7. Likewise, Modulus Global cannot assert infringement of trademarks under Texas common law unless it is the "senior user," just like under the Lanham Act. *Original LULAC*, 2024 WL 4098851, at *3; *Tinker*, 2017 WL 4351304, at *6. Thus, in total, Modulus Global does not have any claim [redacted] under any of the five asserted trademarks under Texas common law, either, and the Court should grant summary judgment on that claim.

## CONCLUSION

The Court should grant summary judgment on both Plaintiffs' [redacted] And, because Plaintiffs' only remaining remedies—disgorgement and an injunction—are equitable in nature, the Court should also strike Plaintiffs' demand for a jury trial. *Hosseini-Browder*, 2026 WL 511141, at *2.

Dated: March 27, 2026

Respectfully submitted,


*/s/ Patrick J. Walters*
Bradley D. Coburn
Texas State Bar No. 24036377
**SHELTON COBURN LLP**
311 RR 620 S, Suite 200
Austin, TX 78734
Email: coburn@sheltoncoburn.com
Telephone: (512) 453-6402
Facsimile: (512) 263-2166

John M. Desmarais (admitted *pro hac vice*)
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
Email: JDesmarais@desmaraisllp.com

Adam Steinmetz (admitted *pro hac vice*)
Sumeet Dang (admitted *pro hac vice*)
Atifah Safi (admitted *pro hac vice*)
Patrick Walters (admitted *pro hac vice*)
**DESMARAIS LLP**
1899 Pennsylvania Avenue, NW, Suite 400
Washington, D.C. 20006
Telephone: (202) 451-4900
Facsimile: (202) 451-4901
Email: ASteinmetz@desmaraisllp.com
Email: SDang@desmaraisllp.com
Email: ASafi@desmaraisllp.com
Email: PWalters@desmaraisllp.com

Eric J. Ball (admitted *pro hac vice*)
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200
Email: eball@fenwick.com

Garner Kropp (admitted *pro hac vice*)
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415-875-2300
Facsimile: 415-281-1350
Email: gkropp@fenwick.com

***Counsel for Defendant NVIDIA Corp.***